## Case No. 2,196.

BURR et al. v. SMITH et al.

[38 Hunt, Mer. Mag. 324.]

Circuit Court, S. D. New York. Sept. 10, 1857.

PATENTS—INFRINGEMENT — PRELIMINARY INJUNCTION—SUFFICIENCY OF CLAIM.

[1. Neither the question of novelty, nor that of infringement, justifies a preliminary injunction until a full hearing has been had.]

[2. A claim in the alternative is improper.]

[In equity. Bill by Henry A. Burr and others] owners of the Frost & Monroe bran duster, claiming as the assignees of a patent [No. 6,148] granted to Frost & Monroe in 1849 [February 27th], and reissued [March 13, 1855, No. 302], to restrain the defendants from using in their mills, in Brooklyn and Williamsburg, the Bradfield bran duster.

Samuel Blatchford and Charles M. Keller, for plaintiffs.

J. Neilson and E. W. Stoughton, for defendants.

NELSON, Circuit Justice, denied the motion, stating his reasons for so doing substantially as follows:

As the case stood on the bill and affidavits, he did not think it one in which a preliminary injunction could reasonably be granted. Neither the question of novelty nor that of infringement justifies such an interposition until there has been an opportunity afforded for a full hearing of the case. In reference to the plaintiffs' patent, the third claim is for "the upright stationary bolt, or bolt and scourer, combined with the closed-up top, except for air and material, or in combination with first, second, and fourth, or either of them, or their equivalents to produce like results in the flouring process." That is a very obscure and indefinite claim, and there is no evidence in the case showing an infringement as the defendants use a revolving bolt, and as there is no such combination as is set forth in this claim.

There is another difficulty which might, perhaps, be got over by a liberal construction. The claim is put in the alternative, as if not being able to make out one he intended to fall back upon the other. That is not the proper mode of stating a claim, for it leaves it uncertain. The fourth claim is for "the use of the revolving, distributing, scouring, and blowing cylinders of heaters and fans, by which the material is distributed, scoured, and the flour blown through the meshes of the bolting cloth." That claim is not infringed by the defendants. The claim is undoubtedly for a peculiar arrangement of complainants' bolt, as novel as distinct from the bolts before in use; and this arrangement one that had not been before in use. It is simply for this peculiar bolt, and its peculiar construction, as distinguished from other bolts like the defendants' in common use. The first claim is for "the platform D (always at right angles with the sides of the bolt when not made conical) or close horizontal bottom. when used in connection with upright, stationary, or revolving bolts, for flouring purposes." That platform, in the plaintiffs' machine, is of peculiar construction. It has an aperture for the admission of air, in addition to that for the discharge of the bran. That is the peculiar construction of the platform. It is quite clear that the arrangement of defendants' bottom is not the same in form. It has no aperture like the plaintiffs' for the admission of a current of air, as distinct from the aperture of discharge, common to every description of bolt of the kind. There is, therefore, a marked difference in the construction of these two bottoms. It may be a nice question at the final hearing whether, in point of fact, the arrangement of the bottom of defendants' machine is substantially identical with the bottom of the complainants? They are not formed alike. The aperture in complainants' machine is placed there for a specific purpose, to carry out one of the ideas of the patentee, which is to produce through the openings in the top and bottom counter currents of air, to be operated within the seive by means of, and in combination and connection with, the revolving bolt or cylinder, constituting one of the leading features of the plaintiffs' invention. There is no such aperture or arrangement in the defendants' machine, nor has he any such purpose in view in its operation in separating flour from bran.

Whether the Bradfield or defendants' machine would operate successfully or not when placed vertically is a question that is controverted, and cannot, upon the evidence, be determined now. It is stated by the witnesses on the part of the defendants that the Bradfield machine was operated in a vertical as well as in an inclined and horizontal position. But, as the case stands upon the evidence, it would not justify the court in enjoining these defendants. Motion, therefore, denied.

[NOTE. For other cases involving this patent. see Carr v. Rice. Case No. 2,440; Swift v. Whisen, Id. 13,700.]